IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:24-cv-00074-MR

| | |
|---|---|
| **LARRY ABRAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **LESLIE COOLEY DISMUKES,** ) | |
| Secretary, North Carolina ) | |
| Department of Adult Correction, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court for further review of the Petition for Writ of Habeas Corpus, filed by Petitioner under 28 U.S.C. § 2254 on March 19, 2024 [Doc. 1], and his Amended Petition filed January 5, 2026. [Doc. 10].

## I. BACKGROUND

Petitioner is a North Carolina prisoner.[1] Petitioner was convicted in the Rutherford County Superior Court, on June 4, 2021, of Possession with Intent to Manufacture, Sell, and Deliver a Schedule II controlled substance,

---

[1] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0652763&searchOffenderId=0652763&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

case file number 20-CRS-92 (offense date of April 1, 2019); having attained Habitual Felon status, case file number 20-CRS-93 (offense date of April 1, 2019); and Possession of a Schedule II controlled substance, case file number 19-CRS-50950 (offense date March 30, 2019). [NCDAC Database]. The state trial court consolidated for judgment the convictions entered in cases 20-CRS-92 and 20-CRS-93 and imposed upon Petitioner a 67-to-93-month active sentence of imprisonment. [Id. at 2]. That court imposed upon Petitioner a consecutive probationary sentence for the conviction entered in case 19-CRS-50950. [Id. at 2-3].

Following his convictions, Petitioner filed a direct appeal to the North Carolina Court of Appeals. State v. Abrams, No. COA22-347, 2023 WL 193807 (N.C. App. Jan. 17, 2023) (unpublished). As his sole issue for appeal, Petitioner challenged the trial court's denial of his motion to suppress evidence obtained during a frisk of his person following a traffic stop. Finding no error, the appellate court affirmed the trial court's decision. [Id.]. Petitioner sought discretionary review from the North Carolina Supreme Court which denied his review request. State v. Abrams, No. 42P23 (N.C. Mar. 1, 2023). Petitioner did not seek review in the U.S. Supreme Court. [Doc. 1 at 2].

Petitioner states that he instituted a post-judgment collateral relief action by filing a Motion for Appropriate Relief ("MAR") in the Rutherford

2

County Superior Court on May 30, 2023, raising Fourth Amendment and Sixth Amendment claims, but the Superior Court denied Petitioner's MAR on July 14, 2023. [Doc. 1 at 3]. Petitioner states he then filed a petition for writ of certiorari in the North Carolina Court of Appeals on August 14, 2023, seeking the appellate court's review of his MAR denial by the trial court. [Id.]. According to Petitioner, at the time he filed the present action, his petition was still pending in the North Carolina Court of Appeals. [Id. at 4]. On November 17, 2025, the Court entered an Order that, among other things, directed the Petitioner to file an amendment to his petition. The Court explained:

> Given that more than two years have elapsed since Petitioner sought certiorari review of the denial of his MAR in the North Carolina Court of Appeals, Petitioner should be afforded an opportunity to amend his petition to explain what, if any, action the North Carolina Court of Appeals has taken with regard to the petition he filed there on August 14, 2023.

[Doc. 7 at 9]. Petitioner filed an amended petition[2] on January 5, 2026, stating, in pertinent part: "Waiting to exhaust all state claims. Lack of legal libery and knowledge of the courts. Have a writ of certiorari still pending in

---

[2] Petitioner's amended petition, in all material respects, is a duplicate version of his original petition. For that reason, the Court will cite only to the original petition unless indicated otherwise.

the N.C. Court of Appeals proceeding informa pauperis." [Doc. 10 at 16 (errors uncorrected)].

In his § 2254 petition (and amended petition), the Petitioner raises the following two claims: 1) unlawful detention and frisk in violation of the Fourth Amendment; and 2) ineffective assistance of trial counsel in violation of the Sixth Amendment. [Doc. 1 at 5-11]. The Petitioner asks this Court to vacate his convictions and release him from custody. [Id. at 18].

## II.  DISCUSSION

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the petition and amended petition. Rule 4, 28 U.S.C.A. foll. §2254. Rule 4 further directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Id.; Wolfe v. Johnson, 565 F.3d 140 (4th Cir. 2009).

While Petitioner asserts he has exhausted his first claim – it was the subject of his direct appeal – a closer inspection of that claim indicates otherwise. Petitioner's first claim is comprised of two allegedly unconstitutional detentions and searches occurring on different dates. The first incident happened on March 30, 2019, and the second incident happened on February 11, 2020. [Doc. 1 at 6-8]. The March 30, 2019,

4

incident, according to Petitioner, began as a traffic stop and ended when Petitioner's female passenger "give up the small amount of cocaine from her pants." [Doc. 1 at 6]. Petitioner states the February 11, 2020, incident began when a police officer approached Petitioner's parked car, stated he smelled marijuana, removed Petitioner from the car, and ended when the officer located "contraband" in the vehicle's glove box. [Id. at 8].

Unlike either of these two incidents, Petitioner's direct appeal concerned his conviction for a drug trafficking offense that took place on a different date, that is, on April 1, 2019. Further, the facts surrounding the conviction Petitioner appealed were entirely different from the facts of either incident. Following a traffic stop of the car Petitioner was driving on April 1, 2019, police found narcotics on the person of the Petitioner (in his sock) during a Terry-frisk[3] after he was ordered out of the car. State v. Abrams, No. COA22-347, 2023 WL 193807, slip op. at 3 (N.C. App. Jan. 17, 2023). While the March 30, 2019, incident might be the basis for Petitioner's drug possession conviction (case file number 19-CRS-50950),[4] it provides Petitioner no relief. Petitioner pleaded guilty to this possession charge and

---

[3] Terry v. Ohio, 392 U.S. 1 (1968).

[4] Even though the dates hint that there may be a connection, Petitioner has alleged no facts on which to base a claim that there actually is any connection.

5

did not appeal any aspect of it. State v. Abrams, No. COA22-347, 2023 WL 193807, slip op. at 6. This part of Petitioner's first claim is thus unexhausted and subject to procedural default analysis, *infra*. As for the second incident, a review of Petitioner's criminal history discloses Petitioner has never sustained any conviction in North Carolina with an offense date of February 11, 2020. NCDAC Database. Since this second incident of Petitioner's first claim is not a component of any state judgment Petitioner might attack here, it is summarily dismissed.

Petitioner's Fourth Amendment claim, assuming the March 30, 2019, incident is the basis for Petitioner's drug possession conviction, coming as it does for the first time in this Court, is not cognizable because he had not first "exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement in one of two ways: (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding in the trial court of conviction and then petitioning the North Carolina Court of Appeals for a writ of certiorari. N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422; McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012) (to satisfy the exhaustion requirement, a petitioner must

6

show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

The exhaustion requirement "is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Due to "basic principles of federalism," federal courts are only permitted to review "those state-court decisions that implicate federal constitutional rights." Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995). If a defendant convicted in state court fails to identify and pursue a federal constitutional claim on direct appeal or in state post-conviction proceedings, the state court is deprived of the opportunity to evaluate the federal claim "causing the state courts to rule against him solely on state-law procedural grounds." Id. Federal habeas review in this circumstance is inappropriate because the state's judgment in such a case is based on an "independent and adequate state ground" since no federal constitutional claim was ever presented to or reviewed by the state. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991).

Beyond the unexhausted nature of Petitioner's Fourth Amendment claim, Petitioner is barred from pursuing that claim in this Court pursuant to the doctrine of procedural default. "A procedural default ... occurs when a habeas petitioner fails to exhaust available remedies and 'the court to which

7

the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.' " Breard, 134 F.3d at 619 (4th Cir. 1998) (quoting Coleman, 501 U.S. at 735 n.1). In this case, Petitioner pursued a direct appeal and did not raise any constitutional claim regarding the March 30, 2019, incident. Pursuant to N.C.R. App. P. 28(a), any such claim associated with the March 30, 2019, incident was therefore abandoned ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned."). Petitioner asserts he raised this constitutional challenge in his MAR which the state trial court denied. Had Petitioner brought this constitutional claim regarding the March 30, 2019, incident in his MAR, it would have been barred by N.C. Gen. Stat. § 15A-1419(a)(2) (MAR should be denied when, upon a previous appeal, the defendant was able to adequately raise the ground or issue underlying the present motion but did not do so). This is likely the reason why the state trial court denied this ground of Petitioner's MAR. Regardless, Petitioner procedurally defaulted this component of his first claim in this Court.

The only way for Petitioner to avoid procedural default is through a showing of "cause and actual prejudice." Reed v. Ross, 468 U.S. 1, 11 (1984) (citation omitted). "Cause for a procedural default . . . ordinarily requires a

8

Case 1:24-cv-00074-MR    Document 11    Filed 01/12/26    Page 8 of 14

showing of some external impediment preventing counsel from constructing or raising the claim." Murray, 477 U.S. at 492. To establish prejudice, the prisoner must show not merely a substantial federal claim, such that " 'the errors at ... trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.' " Id. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Petitioner cannot show cause or actual prejudice for his defaulted claim. Petitioner was represented by counsel and has not alleged any "external impediment" that prevented counsel from raising the alleged unconstitutional search and seizure issue of the March 30, 2019, incident in a motion to suppress and thereafter on direct appeal. Even if Petitioner could show cause, he cannot demonstrate that the error worked to his actual and substantial disadvantage because he pleaded guilty to the drug possession offense flowing from the March 30, 2019, incident rendering his claim meritless. Petitioner's first claim shall be dismissed.

Petitioner's second constitutional claim, Sixth Amendment ineffective assistance of trial counsel ("IATC"), is also procedurally defaulted but for an analytically distinct reason. Petitioner sets forth a laundry list of purported errors and omissions by his attorney prior to, and during trial. [Doc. 1 at 10]. None of Petitioner's complaints about his trial counsel were ever presented
9

to the North Carolina Court of Appeals in Petitioner's direct appeal. Petitioner's IATC claim, the sum of his trial counsel's shortcomings, is therefore unexhausted and subject to procedural default analysis.

In contrast, Petitioner asserts he raised his trial counsel's alleged ineffectiveness in the MAR he filed with the state trial court which such court ultimately denied. [Id. at 11]. Further, Petitioner states he filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the trial court's denial of his MAR and such appellate case is "pending."[5] [Id. at 4]. While Petitioner states he brought his IATC claim in his MAR, it is nevertheless barred by N.C. Gen. Stat. § 15A-1419(a)(3) (MAR should be denied when, upon a previous appeal, the defendant was able to adequately raise the ground or issue underlying the present motion but did not do so).

Implicit in Petitioner's argument is his contention that this IATC claim is not unexhausted because it was not required to be asserted on direct appeal. It is true in North Carolina that certain IATC claims fall into a category that permit them to be raised in the first instance when filing a motion for

---

[5] The Court has examined the North Carolina Court of Appeals on-line docketing system which indicates that no filings have been made by Petitioner, or any attorney on his behalf, since that court resolved Petitioner's direct appeal on January 17, 2023. The state appellate record, therefore, shows Petitioner has not sought review in the North Carolina Court of Appeals of the trial court's order denying his MAR. This Court need not address this issue further since Petitioner's Sixth Amendment claim is otherwise barred by the doctrine of procedural default for unrelated reasons.

appropriate relief. Petitioner's IATC claim, however, is not in such category:

> Under North Carolina law, "a motion for appropriate relief, including motions filed in capital cases," must be denied if "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the ... motion but did not do so." N.C.G.S. § 15A–1419(a)(3), (b). However, the statute "is not a general rule that any claim not brought on direct appeal is forfeited on state collateral review. Instead, the rule requires North Carolina courts to determine whether the particular claim at issue could have been brought on direct review." McCarver v. Lee, 221 F.3d 583, 589 (4th Cir. 2000).
>
> Ineffective-assistance-of-trial-counsel "claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair, 354 N.C. 131, 557 S.E.2d 500, 524 (2001). Otherwise, the claims "should be considered through motions for appropriate relief and not on direct appeal." State v. Stroud, 147 N.C. App. 549, 557 S.E.2d 544, 547 (2001). "Thus, while in some situations a defendant may be required to raise an [ineffective-assistance-of-trial-counsel] claim on direct appeal, a defendant will not be required to do so in all situations." State v. Long, 354 N.C. 534, 557 S.E.2d 89, 93 (2001). Accordingly, "to avoid procedural default under N.C.G.S. § 15A–1419(a)(3), defendants should necessarily raise those [ineffective-assistance-of-trial-counsel] claims on direct appeal that are apparent from the record." Fair, 557 S.E.2d at 525 ("commend[ing]" counsel "for properly raising [five] claims [of ineffective assistance of counsel] on direct appeal"). "[S]hould the reviewing court determine that [ineffective-assistance-of-trial-counsel] claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding." Id.

Fowler v. Joyner, 753 F.3d 446, 462-63 (4th Cir. 2014); in accord, Richardson

v. Kornegay, 3 F.4th 687, 694 (2021). The IATC claim set forth by Petitioner has several components and alleges that his trial counsel: (1) improperly delayed giving him his "Motion of Discovery for the first time at trial"; (2) failed to conduct pretrial discovery of evidence; (3) failed to seek exclusion of evidence; (4) failed to object to discrepancies in drug lab documentation; (5) failed to subpoena officer Thompson and then impeach him at trial; and (6) failed to impeach officer Logan. [Doc. 1 at 10]. All these purported transgressions would be apparent from the discovery, hearings and trial transcripts, and everything else filed with the state trial court – the cold record – and would require no "ancillary procedures as the appointment of investigators or an evidentiary hearing." Fowler, 753 F.ed at 462. Based upon Fowler and Richardson and the North Carolina precedent cited therein, Petitioner's Sixth Amendment claim is unexhausted and procedurally defaulted.

Petitioner cannot show cause or actual prejudice for this defaulted claim. Petitioner was represented by independent appellate counsel and has not alleged any "external impediment" that prevented said counsel from raising any of the alleged errors and omissions of trial counsel on direct appeal. Further, Petitioner was present throughout this case and for all trial court proceedings and thus could have advised appellate defense counsel

12

Case 1:24-cv-00074-MR   Document 11   Filed 01/12/26   Page 12 of 14

of any alleged failures by trial counsel. Even if Petitioner could show cause, he cannot demonstrate that any error by trial counsel worked to his actual and substantial disadvantage. Petitioner pleaded guilty to Possession of a Schedule II controlled substance, case file number 19-CRS-50950 (offense date March 30, 2019). State v. Abrams, No. COA22-347, 2023 WL 193807, slip op. at 6. Likewise, Petitioner pleaded guilty to having attained Habitual Felon status, case file number 20-CRS-93 (offense date of April 1, 2019). Id. Petitioner proceeded to trial on the remaining charge of Possession with Intent to Manufacture, Sell, and Deliver a Schedule II controlled substance, case file number 20-CRS-92 (offense date of April 1, 2019) only to preserve his right to appeal the trial court's adverse ruling on his motion to suppress. Id., slip op. at 7. This was not a "who done it" case where any ineffectiveness of defense counsel prior to or during trial would render the jury's verdict constitutionally infirm. Petitioner has made no showing that any alleged errors by trial counsel worked to his "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Petitioner's second claim is procedurally defaulted and shall be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court rejects both of Petitioner's claims for relief. Petitioner's § 2254 petition will be denied and dismissed.

13

Case 1:24-cv-00074-MR   Document 11   Filed 01/12/26   Page 13 of 14

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Docs. 1; 10] is **DENIED** and **DISMISSED**;

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

3. The Clerk of Court is respectfully directed to terminate this case.

**IT IS SO ORDERED.**

Signed: January 12, 2026

Martin Reidinger
Chief United States District Judge